**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Armando CASTILLO–BUSTAMANTE, also known as Jorge Garcia, Defendant–Appellant.**

**No. 04–40623. Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A Meyers, Federal Public Defender, H. Michael Sokolow, Miguel A. Nogueras, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Armando Castillo–Bustamante (Castillo) pleaded guilty to illegally reentering the United States after having been deported and after having been convicted of an "aggravated felony," a violation of 8 U.S.C. § 1326(a) and (b). The district court sen-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tenced him to an 18–month prison term and to two years of supervised release.

For the first time on appeal, Castillo argues that 8 U.S.C. § 1326(b) is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it does not require the fact of a prior felony or aggravated-felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Castillo concedes, this argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *Almendarez–Torres* was not overruled by *Apprendi*. *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

Castillo also argues that the Supreme Court's holding in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), should be applied to sentences determined under the United States Sentencing Guidelines. He concedes that this argument is foreclosed by this court's opinion in *United States v. Pineiro*, 377 F.3d 464, 465 (5th Cir.2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263), but he raises it to preserve it for possible further review.

AFFIRMED.