United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40623
Conference Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ARMANDO CASTILLO-BUSTAMANTE, also known as Jorge Garcia

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-23-ALL
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the judgment of conviction and sentence

of Armando Castillo-Bustamante (Castillo). United States v.

Castillo-Bustamante, No. 04-40623 (5th Cir. Dec. 17, 2004)

(unpublished). The Supreme Court vacated and remanded for

further consideration in light of United States v. Booker, 125

S. Ct. 738 (2005). See De La Cruz-Gonzalez v. United States, 125

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

S. Ct. 1995 (2005).  We requested and received supplemental letter briefs addressing the impact of Booker.

Castillo argues that he is entitled to resentencing because the district court sentenced him under a mandatory application of the United States Sentencing Guidelines prohibited by Booker. However, he identifies "no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system."  United States v. Taylor, 409 F.3d 675, 677 (5th Cir. 2005).  Castillo's reliance on an ambiguous remark made by the sentencing judge is misplaced.  See United States v. Creech, 408 F.3d 264, 271 (5th Cir. 2005) (court's mere expression of sympathy for the defendant is insufficient).

Thus Castillo cannot make the necessary showing of plain error that is required by our precedent.  Furthermore, he correctly acknowledges that this court has rejected the argument that a Booker error is a structural error or that such error is presumed to be prejudicial.  See Mares, 402 F.3d at 520-22; see also United States v. Malveaux, ___ F.3d ___, No. 03-41618, 2005 WL 1320362, *1 n.9 (5th Cir. Apr. 11, 2005).

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Castillo's conviction and sentence.

AFFIRMED.